

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/16/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X
PAXFIRE, INC.,

                  Plaintiff,        18 Civ. 395 (LLS)

    - against -              OPINION & ORDER

KIM RICHMAN, MILBERG LLP, MILBERG
TADLER PHILLIPS GROSSMAN LLP, REESE
LLP, formerly known as REESE RICHMAN
LLP, THE RICHMAN LAW GROUP, and
BETSY FEIST,

                  Defendants.
- - - - - - - - - - - - - - - - - -X

    To prevail in this action for malicious prosecution of a civil action, plaintiff Paxfire, Inc. must establish that the prior civil action terminated in its favor.

    The requirement of favorable termination "is essential to the maintenance of any action for malicious prosecution" and "is a kind of pre-condition to the later action, the *sine qua non*." Munoz v. City of New York, 271 N.Y.S.2d 645, 649 (N.Y. 1966). "The favorable termination element must be established by evidence that 'the court passed on the merits of the charge or claim . . . under such circumstances as to show . . . nonliability,' or evidence that the action was abandoned under circumstances 'which fairly imply the plaintiff's innocence.'" Castro v. E. End Plastic, Reconstructive & Hand Surgery, P.C., 850 N.Y.S.2d 483, 485 (2d Dep't 2008) (alterations in original).

Under that standard, the relevant course of proceedings in the prior case were: the assertion by Betsy Feist of her claims against Paxfire (which Paxfire attacks in this litigation); the assertion of counterclaims by Paxfire; Paxfire's bankruptcy, in relation to which it stated that it had "no resources to satisfy a judgment should one be entered against it" in the prior case; and the resulting stipulation by Ms. Feist that any recovery on her claims would be limited to the amount necessary to offset whatever Paxfire recovered on its counterclaims.[1] Under that arrangement, victory for Paxfire would consist of prevailing on its counterclaims and defeating Feist's claims, thus suffering no offset.

That is not what happened. Judge Schofield of this court discussed each counterclaim separately, applied the arguments and law to the facts, and dismissed them on the merits, by summary judgment. Once Paxfire's counterclaims were dismissed, the amount necessary to offset them was zero. Accordingly, Judge Schofield dismissed Feist's claims as moot and then denied as

---

[1] That was not abandonment of her claims, which she had to prosecute successfully in order to offset any recovery Paxfire obtained on its counterclaims.

moot Paxfire's cross-motion to dismiss Feist's claims.

Judge Schofield ruled:

> For the foregoing reasons, Feist's motion for summary judgment on Paxfire's counterclaims is GRANTED. Feist's claims are DISMISSED as moot in light of her stipulation to limit recovery on her claims to the amount necessary to offset Paxfire's recovery on its counterclaims. Consequently, Paxfire's motion for summary judgment on Feist's claims is DENIED as moot.

Opinion and Order, Feist v. Paxfire, Inc., No. 11 Civ. 5436 (LGS), 2017 WL 177652 (S.D.N.Y. Jan. 17, 2017), Dkt. No. 253.

That action did not terminate in favor of Paxfire; it lost the only claims on which it might have recovered. Accordingly, it cannot maintain the present action for malicious prosecution.

The motions to dismiss Paxfire's case (Dkt. Nos. 24, 28, 31) are granted, and the amended complaint (Dkt. No. 6) is dismissed with prejudice, with costs and disbursements to defendants according to law.

So Ordered.

Dated: New York, New York
August 16, 2018

                                      *Louis L. Stanton*
                                      LOUIS L. STANTON
                                          U.S.D.J.